**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case: 1:21−mc−00090<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 6/2/2021<br>Description: Misc. |
| v. | Case No. 1:21-cr-158-RBW |
| KYLE FITZSIMONS, | |
| Defendant. | |

**APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants

Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The

Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News,

Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company,

Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher

of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC

News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC,

d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the

First Amendment and common law, to certain video recordings that have been submitted to the

Court in this matter.  In support of this application the Press Coalition states as follows:

1.      On May 14, 2021, in response to a motion filed by the Press Coalition, Chief

Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"), a copy of which

is attached hereto for the Court's convenience.  The Standing Order recognizes "[t]he significant

public and media interest in the numerous criminal cases arising from the January 6, 2021 violent

breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely

submitting video exhibits to the Court for use in pretrial proceedings."  *See* Standing Order at 2.

2.      To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.      The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6.  Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4.      This action is one of the Capitol Cases.  Defendant Kyle Fitzsimons is alleged to have "forcibly entered and remained on the Capitol grounds and sought to stop, delay, and hinder Congress's certification of the Electoral College vote," to have "engaged directly with officers by pulling them by the body parts, including the shoulder, in attempt to pull them into the crowd," and to have "pulled the gas mask off another officer, which was then followed by another individual spraying the officer in the face." *See* Mem. in Supp. of Pretrial Detention at 7, Dkt. 7.

5.      On March 18, 2021, the Government argued that Defendant should be detained pending trial, stating in part that "the FBI was able to identify Fitzsimons in a collection of video footage, including body worn camera worn by Metropolitan Police Officers, video surveillance from the Capitol Building and a video posted online showing Fitzsimons walking away from the

Capitol area bloodied." *Id.* at 3. The Government also included several screenshots from those videos (the "Video Exhibits") in a court filing. *See* Statement of Facts at 2-4, Dkt. 1-1.

6.      The Video Exhibits were plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7.      Neither the Government nor the Defendant could possibly rebut the presumption of access under the applicable test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980). *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

8.      Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

9.      The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

**CONCLUSION**

For the foregoing reasons, the Press Coalition respectfully requests that the Court order

the Government to release the Video Exhibits, without restriction, within 72 hours.

Dated:  June 2, 2021                    Respectfully submitted,

                                        BALLARD SPAHR LLP

                                        /s/ *Charles D. Tobin*
                                        Charles D. Tobin (#455593)
                                        Maxwell S. Mishkin (#1031356)
                                        Lauren Russell (#7567949)
                                        1909 K Street, NW, 12th Floor
                                        Washington, DC 20006
                                        Tel: (202) 661-2200 | Fax: (202) 661-2299
                                        tobinc@ballardspahr.com
                                        mishkinm@ballardspahr.com
                                        russelll@ballarspahr.com

                                        *Counsel for the Press Coalition*

4



**FILED**

MAY 1 4 2021

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE: MEDIA ACCESS TO VIDEO
EXHIBITS IN PRETRIAL HEARINGS
DURING THE COVID-19 PANDEMIC

Standing Order No. 21-28 (BAH)

Chief Judge Beryl A. Howell

## ORDER

In consideration of the following circumstances:

**(A)**    The continued access restrictions to the E. Barrett Prettyman United States Courthouse

and the William B. Bryant Annex (the "Courthouse"), implemented to protect public health

and safety during the ongoing COVID-19 global pandemic, that limit the ability of the media

and the public to obtain in-person access to court proceedings, *see In Re: Modified*

*Restrictions on Access to Courthouse During the Covid-19 Pandemic,* Standing Order No.

21-20 (BAH) (April 2, 2021);

**(B)**    The fact that most civil and criminal proceedings continue to be conducted remotely

using video and/or audio conferencing technology due to the COVID-19 pandemic, *see*

D.D.C. Continuity of Operations Plan ("COOP Plan") (July 15, 2020), App'x 7 (updated

October 27, 2020), as authorized by the Coronavirus Aid, Relief, and Economic Security Act

("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281, Div. B, Title V, § 15002(b) (enacted

March 27, 2020), and *In Re: Fourth Extension of Authorization for Use of Video*

*Teleconferencing and Teleconferencing for Certain Criminal and Juvenile Delinquency*

*Proceedings*, Standing Order No. 21-14 (BAH) (March 16, 2021);

**(C)**    The Court's continued provision of public access call-in lines, which afford members of

the public and the media the opportunity to listen in real-time to court proceedings, and a

1

**21-28**

procedure, in effect as of April 5, 2021, allowing members of the media to view live

videoconference feeds of court proceedings in person at the courthouse, upon advance

request and as ongoing social distancing requirements permit, *see* D.D.C. Notice – Restricted

Access (April 2, 2021)[1];

**(D)**     The significant public and media interest in the numerous criminal cases arising from the

January 6, 2021 violent breach of the United States Capitol (the "Capitol Cases"), for which

the parties are routinely submitting video exhibits to the Court for use in pretrial proceedings,

which video exhibits, unlike other judicial records, are not in a format that can be filed on the

Federal Judiciary's Case Management/Electronic Case Filing (CM/ECF) system and

therefore "must be identified in a Notice of Filing filed with the Court" and are further

required "to be maintained in the possession of the attorney … responsible for the filing" to

be "made available for a party or the Court," D.D.C. LCrR 49(e)(1);

**(E)**     The significant media interest in viewing the video exhibits in Capitol Cases in a timely

manner has generated media requests for access to, including copies of, the video exhibits in

several Capitol Cases, with those requests resolved by the presiding judge on a case-by-case

basis, in accordance with D.D.C. LCrR 57.6, which governs applications for relief in a

criminal case by persons not parties, *see, e.g., United States v. Jackson*, Case No. 21-mj-115

(BAH), 2021 WL 1026127 (D.D.C. Mar. 17, 2021); Order, *United States v. Chansley*, Case

No. 21-cr-3 (RCL) (D.D.C. Mar. 15, 2021), ECF No. 30; *see also* Min. Order (Apr. 28,

2021), *In Re Application for Access to Certain Sealed Video Exhibits*, Case No. 21-mc-34

(TFH) (denying news organizations' motion for access to video exhibits as moot after

government released videos in *United States v. Tanios*, Case No. 21-cr-222-2 (TFH)), and,

---

[1]       The D.D.C. Notice – Restricted Access (April 2, 2021) is available at
https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements.

more informally, at the request of the presiding judge, Court staff has shown such video exhibits to members of the media at the Courthouse using copies of video exhibits provided on thumb drives by the United States Attorney's Office for the District of Columbia ("USAO-DC");

(F)     Most recently, on May 3, 2021, a group of fourteen news organizations submitted a letter to the undersigned Chief Judge acknowledging that "[n]ews organizations thus far have attempted to address this issue on a case-by-case basis," but citing the problem of "timely public access … as an administrative concern for the entire District," and therefore seeking a standing order directing the USAO-DC to release copies of video exhibits submitted for use in pretrial proceedings in Capitol Cases to a designated media representative for further reproduction and distribution to news organizations and the public at large, since "[t]hese videos are judicial records that are presumptively public … ," Pet. to Access Video Exhibits in the Capitol Riot Cases, at 1, *In Re Press and Public Access to Video Exhibits In the Capitol Riot Cases ("Video Access Matter")*, Case No. 21-mc-46 (BAH), ECF No. 1;

(G)     Media requests for access to the video exhibits in the Capitol Cases have prompted the USAO-DC to formulate a plan, first communicated to the undersigned Chief Judge on March 24, 2021, to allow, subject to any limitations imposed by the presiding judge in a particular case, "interested members of the news media to join a 'drop box' through a platform that would be populated with the government's exhibits from each hearing and would be available for download by any member who requested access to the 'drop box,'" with exhibits posted "at least 72 hours from the time of the proceeding … in light of the possible need for redactions (e.g., personal identifiable information) and uploading of voluminous numbers of exhibits," Gov't's Resp. to Court's May 3, 2021 Order, at 2, *Video Access*

3

*Matter*, ECF No. 3, which "drop box" option may be "operational," "[u]pon Court order," during the week of May 10, 2021, *id.*; and

(H)      While the Office of the Federal Public Defender for the District of Columbia ("FPD") does not object to a streamlined approach for media to access video exhibits in Capitol Cases "[t]o the extent that there are no objections to the release of these video exhibits in each particular case," FPD Resp. to Court's May 4, 2021 Order, at 2, *Video Access Matter*, ECF No. 6, FPD stresses "considerations in each individual case that may lead counsel to oppose release of [such] video exhibits," *id.*, pointing to "[t]he fact that these cases are in the beginning stages," potential taint to jury pools, potential prejudice from use of "a deliberately chosen or edited clip to support a certain argument or narrative" rather than presentation of "the whole event," *id.* at 3, such that an individualized "process is necessary to protect the rights of all parties involved," *id.* at 4, precisely the process contemplated and promoted by D.D.C. LCrR 57.6;

It is hereby

**ORDERED** that until further notice during the period of restricted access to the Courthouse due to the COVID-19 pandemic, members of the media may access pretrial proceedings in Capitol Cases, and video exhibits used therein that are not under seal, by the following means, unless the presiding judge in a case determines, after consultation with the parties, otherwise:

1.    <u>Remote Audio Access to Proceedings</u>: Members of the media may listen to District Court proceedings using the designated call-in lines assigned to each Judge.[2] During

---

[2]      The public access call-in lines assigned to each judge are available at https://www.dcd.uscourts.gov/covid-19-emergency-public-access-teleconference-information-for-judges.

this period until further notice, remote audio access is available for all proceedings, whether held remotely by videoconference, partially remotely, or in person.

2. <u>On-Site Video Access to Proceedings</u>: Upon request made in advance, members of the media are permitted, as space and technology infrastructure allows, to view a live video stream of District Court proceedings from a courtroom or dedicated Media Room within the Courthouse.[3] On-site video feed access is available for remote, partially remote, and in-person proceedings. Recording, broadcasting and/or retransmitting audio or video feeds of court proceedings remains strictly prohibited, *see In Re Public and Media Access to Judicial Proceedings During COVID-19 Pandemic*, Standing Order No. 20-20 (BAH) (April 8, 2020), and while in the Courthouse, members of the media may only use electronic devices for contemporaneous reporting during a proceeding from a dedicated Media Room, *id.*

3. <u>Access to In-person Proceedings</u>: As space permits, consistent with social distancing protocols necessary to protect the health and safety of all participants, members of the media may be permitted to view in-person proceedings from the courtroom gallery. The presiding judge will determine whether a request to view a particular in-person proceeding from inside the courtroom where the proceeding is held will be granted.

4. <u>Additional Access to Video Exhibits Submitted in Capitol Cases</u>: Members of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application, pursuant to D.D.C. LCrR 57.6, to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties. Upon grant of such media application, the

---

[3] Media requests to view a video stream of proceedings may be submitted here: https://www.dcd.uscourts.gov/contact.

government shall make the video exhibit available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access.  Members of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits using the "drop box" technical solution proposed by the USAO-DC.  No recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge, who may seek the position of the parties; and it is further

**ORDERED** that the USAO-DC is directed to implement, by May 17, 2021, the proposed "drop box" technical solution to make available for viewing the government's video exhibits submitted to the Court in Capitol Cases, including identifying and segregating by case name and number such video exhibits and posting such video exhibits promptly from the time of the proceedings for which the exhibit is submitted, in compliance with any order issued by the presiding judge in the case.

**SO ORDERED.**

Date: May 14, 2021

BERYL A. HOWELL
Chief Judge